**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE EXEQUIEL ALVARES CATALAN, | No. 13-70533 |
| Petitioner, | Agency No. A072-519-613 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014**

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Jose Exequiel Alvares Catalan, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

Alvares Catalan does not raise any contentions regarding past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The IJ denied Alvares Catalan's asylum and withholding of removal claims because he did not articulate a particular social group or otherwise identify a protected ground on the basis of which he fears persecution. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). We lack jurisdiction to review Alvares Catalan's contention, raised for the first time before this court, that he is a member of a particular social group comprised of his family. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency). Apart from this contention, Alvares Catalan does not otherwise challenge the IJ's nexus finding. Thus, we deny the petition as to Alvares Catalan's asylum and withholding of removal claims.

Finally, substantial evidence also supports the agency's denial of CAT relief because Alvares Catalan failed to show it is more likely than not that he would be

tortured by the Guatemalan government, or with its consent or acquiescence. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**